United States Court of Appeals,

Fifth Circuit.

No. 95-40413.

Rolando PICHARDO, Plaintiff-Appellant,

v.

H.E. KINKER, M.W. Moore, W. Scott, J.A. Collins, S.O. Woods and S. Buentello, Defendants-Appellees.

Jan. 31, 1996.

Appeal from the United States District Court for the Eastern District of Texas.

Before JOLLY, DAVIS and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Rolando Pichardo appeals from the judgment of the United States District Court for the Eastern District of Texas dismissing as frivolous under 28 U.S.C. § 1915 his claim that his confinement in administrative segregation violates his due process rights. We hold that absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim, and therefore affirm.

I

Pichardo, an inmate at Texas Department of Criminal Justice ("TDCJ"), filed suit pursuant to 42 U.S.C. § 1983 against various TDCJ officials and employees at the Coffield and Hobby Units. Pichardo challenged the determination, made while he was at the Hobby Unit, that he was affiliated with the Texas Syndicate, a prison gang, a determination that resulted in his classification as

1

a gang member and his placement in administrative segregation at the Coffield Unit. The magistrate judge assigned to the matter severed the claims and allegations concerning the initial determination of Pichardo's gang affiliation and transferred those claims to the United States District Court for the Western District of Texas.

The magistrate judge conducted a *Spears*[1] hearing to flesh out the factual allegations concerning Pichardo's claim of a due process violation arising from his continued confinement in administrative segregation. At the hearing, Pichardo testified that he had consistently denied any gang affiliation and that he had received periodic review by the Coffield Unit's classification committee concerning his gang classification. Prison Warden Kinker explained the procedures utilized in classifying an inmate as a gang member, with placement in administrative segregation, and noted that review occurs every ninety days to determine whether the inmate continues as an active member of the gang.

The magistrate judge recommended dismissal of Pichardo's complaint as frivolous, concluding that Pichardo had not shown an abuse of the prison officials' discretion in continuing to classify Pichardo as a gang member; thus, no due process violation had occurred. The district court conducted a *de novo* review of the record, adopted the magistrate judge's report, and dismissed Pichardo's complaint as frivolous under 28 U.S.C. § 1915. This timely appeal followed.

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985).

II

Pichardo argues that the TDCJ policies covering an inmate's placement and continued confinement in administrative segregation create a protectable liberty interest.[2] Because this contention lacks an arguable basis in law or fact, we hold that his complaint was properly dismissed as frivolous. *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1732-33, 118 L.Ed.2d 340 (1992).

The Supreme Court recently held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. ----, ----, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418, 430 (1995) (citations omitted). In *Sandin,* the Court held that the petitioner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* In the wake of *Sandin,* as we recently have held, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott,* 71 F.3d at 193.

---

[2]Unlike the plaintiff in the recent and nearly identical case of *Luken v. Scott,* 71 F.3d 192 (5th Cir.1995) (per curiam), Pichardo does not contend that he lost the opportunity to earn good-time credits, and that that loss constitutes a constitutionally cognizable liberty interest. He claims instead that the mere placement in administrative segregation deprives him of a liberty interest.

## III

Because Pichardo has not alleged a deprivation of a constitutionally cognizable liberty interest, his 42 U.S.C. § 1983 action has no arguable basis in law. His complaint was therefore properly dismissed as frivolous.

AFFIRMED.