UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41311
Summary Calendar

_____

FELIX JEROME HARRIS,

Plaintiff-Appellant,

versus

ANDERSON, Assistant Warden,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-49

_____

August 17, 1999

Before SMITH, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Felix Jerome Harris, Texas prisoner #338572, maintains, *pro se*, that the district court erred in dismissing his 42 U.S.C. § 1983 complaint. He contends that he was denied due process because he was transferred to a close custody lockdown unit before receiving a hearing on a disciplinary charge; and that he was kept in the lockdown unit after the hearing, although such status was not part of his punishment. (Other claims raised in the district

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

court, in which Harris asserted that he should be restored lost good-time credits and that he was denied his right to practice his religion while in lockdown status, have not been briefed on appeal and are therefore waived. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).)

Having reviewed the record, including the transcript of the *Spears* hearing[2], and Harris' brief, we find no nonfrivolous appellate issues. "[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). A hearing held within ten days of placing a prisoner in administrative segregation has been held to be sufficient to prevent a due process violation. *Id.* at 194. And, the three or four days that Harris was confined to the lockdown unit after his hearing do not provide extraordinary circumstances that would raise a claim of more limited incarceration conditions to the level of a constitutional violation. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996). Accordingly, the magistrate judge did not abuse her discretion in dismissing Harris' claim as frivolous. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Harris'

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

appeal is **DISMISSED** as frivolous. (Harris' motion for an evidentiary or *Spears* hearing is **DENIED**.)

*DISMISSED*