IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51160
Summary Calendar

_____

BONIFACIO JUAREZ,

                                          Plaintiff-Appellant,

versus

MAURICE NEWCOMB, Captain; DAYTON POPPELL, Warden,

                                          Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-931
--------------------
November 3, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Bonifacio Juarez, Texas prisoner # 722475, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit as frivolous. Juarez argues that there were constitutional violations with respect to prison disciplinary hearings which ultimately resulted in the loss of 45 days of recreational and commissary privileges, as well as a period of time of solitary confinement and a change in his custody classification status.

    Our review of the record reveals that there was some evidence supporting the hearing officer's disciplinary decisions

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Juarez participated in the assault of another prisoner; that Juarez has failed to show that there were any procedural errors with the disciplinary proceedings after the first one, which was vacated in Juarez's administrative appeal; and that Juarez's ultimate punishment did not involve the loss of good-time credit. Juarez has failed to show that he was deprived of a constitutional right. See Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986); Wolff v. McDonnel, 418 U.S. 539, 563-64 (1974); Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996). Juarez's § 1983 suit lacked an arguable basis in law, and the district court's dismissal of the complaint as frivolous was not an abuse of discretion. See 28 U.S.C. § 1915(e)(2)(B)(ii); Denton v. Hernandez, 504 U.S. 25, 31-34 (1992).

To the extent that Juarez's brief requests the appointment of counsel for his appeal or challenges the district court's denial of his district court motion for the appointment of counsel, Juarez does not make the requisite showing for the appointment of counsel or that one was necessary in the district court. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). His request is DENIED.

AFFIRMED.