**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-20443
Summary Calendar

JAMES GOOD,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas Department
of Criminal Justice, Institutional Division,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-4262

December 7, 1999

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:*

James Good, Texas prisoner # 632991, appeals the district court's dismissal of this consolidated action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Good brought this action pursuant to 42 U.S.C. § 1983, alleging that his continued confinement in administrative segregation violated his constitutional right to due process. He argues that he has a liberty interest in remaining in the general prison population because the conditions of administrative confinement in Texas are punitive in nature, that the district court failed to address his motion for a temporary restraining order and a preliminary injunction, and that he was confined to administrative segregation without being given a meaningful hearing. Liberally construing Good's papers, he also asserts that the conditions

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in administrative segregation violate his Eighth Amendment rights and that the district court erred by not serving the respondent and by failing to treat his complaints impartially.

Good's continued confinement in administrative segregation, does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 486 (1995); see Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998), cert. denied, 119 S. Ct. 2405 (1999); Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995).

Because Good has not alleged a deprivation of a protected liberty interest, his § 1983 action has no arguable basis in law. See Pichardo v. Kinker, 73 F.3d 612 (5th Cir. 1996). Therefore, the district court did not abuse its discretion in dismissing his complaints as frivolous.

AFFIRMED.