IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50707
Summary Calendar
_____

MORRIS R. BROUSSARD, ET AL.,

                                        Petitioners,

JOHN M. LANE,

                                        Petitioner-Appellant,

versus

JAMES COLLINS, Director; WAYNE SCOTT, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
KENT RAMSEY, Regional Director; RODNEY COOPER, Warden;
PATRICK ROSS, Disciplinary Captain; TRACY MCLIN, Counsel
Substitute II; ROBERT PARKER, Warden, Michael Unit; GARY
L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-96-CV-356
_____

February 1, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

        John M. Lane, Texas prisoner # 503730, appeals the district

court's summary judgment in favor of respondents.  Lane's primary

contention on appeal is that he was placed in administrative

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

segregation for more than six years in violation of his due process rights. Placement in administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Lane argues that the extraordinary length of his confinement in administrative segregation is the "something more" required to raise a cognizable constitutional claim. Contrary to Lane's contention, Luken did not turn on the duration of the administrative segregation at issue, but rather on the determination that administrative segregation does not impose the type of atypical and significant deprivation on an inmate in relation to the ordinary incidents of prison life necessary to create a liberty interest cognizable under the Due Process Clause. See Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996). Accordingly, we affirm the judgment of the district court.

We deny Lane's request for expungement of his administrative record as Lane has failed to show that he will suffer any future adverse consequences as a result of the record. See Bailey v. Southerland, 821 F.2d 277, 279 (5th Cir. 1987). Finally, we deny Lane's request for transfer of this matter to the Eastern District of Texas as moot.

AFFIRMED; REQUEST FOR EXPUNGEMENT DENIED; REQUEST FOR TRANSFER DENIED AS MOOT.