IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60496
Conference Calendar

_____

RICHARD L. BARDWELL,

                                        Plaintiff-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS;
JAMES ANDERSON, Commissioner of Corrections;
WALTER BOOKER, Superintendent Parchman Penitentiary,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:99-CV-126-D-A
---------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Richard L. Bardwell, Mississippi inmate #49827, appeals the dismissal of his civil rights complaint for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Our independent review does not include consideration of the document Bardwell filed in this court but failed to present to the district court. See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).

    From our review of Bardwell's arguments and of the appellate record, we conclude that the district court did not err in

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissing the complaint for failure to state a claim.  See Black
v. Warren, 134 F.3d 732, 733 (5th Cir. 1998).  Bardwell's
placement in administrative segregation (ad seg), his confinement
in ad seg for approximately five months, and his transfer to
general population at a more onerous work and custody
classification than what he had previously does not amount to
atypical or significant hardship which is cognizable under the
Due Process Clause.  See Pichardo v. Kinker, 73 F.3d 612, 613
(5th Cir. 1996); Luken v. Scott, 71 F.3d 192, 193 (5th Cir.
1995).  Bardwell lacks a constitutional interest in a work
assignment or a custody classification.  See Moody v. Baker, 857
F.2d 256, 257-58 (5th Cir. 1988).

This appeal is without arguable merit and is thus frivolous.
It is therefore dismissed.  See 5TH CIR. R. 42.2.  Bardwell is
cautioned that any additional frivolous appeals filed by him or
on his behalf will invite sanctions by this court.

The district court's dismissal of the complaint counts as a
strike, and the dismissal of this appeal as frivolous counts as a
second strike for purposes of 28 U.S.C. § 1915(g).  We caution
Bardwell that once he accumulates three strikes, he may not
proceed in forma pauperis (IFP) in any civil action or appeal
filed while he is in prison unless he is under imminent danger of
serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; WARNING ISSUED.