**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 00-40843
Summary Calendar

_____

RAY COLGROVE,

Plaintiff-Appellant,

versus

R. GRANT; J. SMITH; M. UPSHAW; BILL CHEATHAM;
ANDY DAVILA; SAMMY BUENTELLO; WAYNE SCOTT;
J. PARKER, Officer - Coffield Unit; P. CRUTCHER,
Officer - Coffield Unit; R. ARENT, Officer -
Coffield Unit; S. UPTON, Officer - Coffield Unit,

Defendants-Appellees.

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(6:99-CV-377)**

_____
**February 26, 2001**

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ray Colgrove, Texas state prisoner # 471509, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), or, alternatively, granting summary judgment. The district court neither conducted an evidentiary hearing, pursuant

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985), nor provided Colgrove with a questionnaire.

"A complaint is frivolous if it lacks an arguable basis in law or fact." **Berry v. Brady**, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks and citations omitted). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." **Id.** (internal quotation marks and citations omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." **Id.** (internal quotation marks and citations omitted). Dismissals under 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A are reviewed *de novo*. *See* **Ruiz v. United States**, 160 F.3d 273, 275 (5th Cir. 1998).

Colgrove presented the following claims in his complaint: (1) he was being denied good-time credits without due process of law; (2) he was a victim of racial discrimination because he remained confined in administrative segregation while similarly situated black inmates were allowed to remain in, or were returned to, the general population; (3) his due process rights were violated because he was being confined in administrative segregation for the actions of past gang members; (4) he was being denied flat-time credits without due process of law; (5) he was being denied the

2

good-time earning status achieved by other similarly-situated inmates in administrative segregation; (6) he was being confined in administrative segregation as retaliation for his past legal activities and verbal confrontations with defendant Grant; (7) he was being retaliated against for his utilization of the inmate grievance system; (8) his due process rights were violated because he was being charged with violating rules that never existed or were never posted; (9) defendant Upton was deliberately indifferent to his serious medical needs; and (10) he was being retaliated against by defendant Parker for his utilization of the inmate grievance system to remedy Parker's attempts to deprive him of property.

The district court did *not* err in dismissing, as frivolous, Colgrove's first, third, fourth, sixth, seventh, eighth, and tenth claims. Regarding the fourth, eighth, and tenth claims, Colgrove abandoned them on appeal by failing to contend in his appellate brief that the district court erred in dismissing them. *See **Yohey v. Collins***, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also **Brinkmann v. Dallas County Deputy Sheriff Abner***, 813 F.2d 744, 748 (5th Cir. 1987) (failing to identify any error in district court's analysis same as if appellant had *not* appealed judgment). As for the first, third, sixth, and seventh claims: Colgrove's first and third lacked an arguable basis in law, *see **Pichardo v. Kinker***, 73 F.3d 612, 612, 613 (5th Cir. 1996); ***Luken v. Scott***, 71 F.3d 192, 193-94 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996), as did his sixth, *see*

*Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996); and the seventh lacked an arguable basis in fact. *See* **id.** Accordingly, the dismissal of Colgrove's first, third, fourth, sixth, seventh, eighth, and tenth claims is **AFFIRMED**.

The district court erred, however, in dismissing, as frivolous, Colgrove's second, fifth, and ninth claims. His second and fifth claims did *not* lack an arguable basis in law. *See* **Sandin v. Conner**, 515 U.S. 472, 487 & n.11 (1995). And, without Colgrove receiving the benefit of discovery or a **Spears** hearing, his ninth claim did *not* lack an arguable basis in law or fact. *See* **Estelle v. Gamble**, 429 U.S. 97, 106 (1976). Accordingly, the dismissal of Colgrove's second, fifth, and ninth claims, as well as the summary judgment as to those claims, are **VACATED** and the case is **REMANDED** for further proceedings as to those claims.

*AFFIRMED IN PART; VACATED and REMANDED IN PART*