UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31371
Summary Calendar

_____

FREDDIE RAY LEWIS,

Plaintiff-Appellant,

versus

CHRIS SMITH, III, ET AL.,

Defendants,

H. JAMES, Lieutenant; BOLGER, Sergeant; PRUITT, Patrolman; K. NOBLE, Lieutenant; COOPER, Patrolman; BOBBY D. HICKMAN; R. ALLEN, Patrolman; S. DESMOND, Patrolman; CITY OF LEESVILLE,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-1420)
_____
November 13, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Concerning Freddie Lewis' 42 U.S.C. § 1983 action arising out of his confinement for approximately 600 days in the City of Leesville jail, partial summary judgment was granted Defendants on numerous issues, with a jury trial held on the remainder. At the close of Lewis' case, judgment as a matter of law was granted to several Defendants. The jury returned a verdict for the remaining

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defendants.  Lewis' timely motion for judgment as a matter of law concerning claimed unconstitutional confinement was denied.

Lewis appeals the adverse summary judgment on three of his claims; the exclusion of expert testimony; and the denial of his motion for judgment as a matter of law on the issue of unconstitutional conditions of confinement.

Concerning the summary judgment on the issues of denial of physical exercise, denial of access to the courts, and denial of due process, the ruling is reviewed *de novo*, applying the same test as the district court.  *E.g., **Skotak v. Tenneco Resins, Inc.***, 953 F.2d 909, 912 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law.'"  ***Id***. (quoting FED. R. CIV. P. 56(c)).

For the denial of the right to exercise claim, Lewis contends he was unconstitutionally denied that right because the ability to exercise was contingent upon trustee status, which he refused. Deprivation of exercise is not a *per se* constitutional violation; an extended deprivation of exercise opportunities, however, may violate an inmate's right not to be subjected to cruel and unusual punishment.  ***Miller v. Carson***, 563 F.2d 741, 751 n.12 (5th Cir. 1977)(deprivation of exercise not a *per se* constitutional violation but "may constitute an impairment of health forbidden under the eighth amendment"); *see also **Stewart v. Winter***, 669 F.2d 328, 336 n.19 (5th Cir. 1982) (failure to provide recreation program does

2

not, by itself, constitute cruel and unusual punishment). To succeed on an Eighth Amendment claim that he was denied adequate recreation, Lewis must establish: (1) that prison officials failed to provide him with adequate exercise opportunities, *see* ***Ruiz v. Estelle***, 679 F.2d 1115, 1152 (5th Cir.)("Courts have frequently stated that confinement of inmates for long periods of time without opportunity for regular physical exercise constitutes cruel and unusual punishment."), *modified*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983); *see also* ***Miller***, 563 F.2d at 750 ("inmates must be allowed reasonable recreational facilities")(internal quotation marks omitted); and (2) that prison officials acted with deliberate indifference to a substantial risk of harm to his health and safety, *see* ***Farmer v. Brennan***, 511 U.S. 825, 828 (1994)("A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.")(internal quotation marks omitted); ***Herman v. Holiday***, 238 F.3d 660, 664 (5th Cir. 2001) (requiring showing of deliberate indifference to establish Eighth Amendment claim for unhealthful conditions at detention center).

This claim is meritless because it is premised on the erroneous assumption that Lewis had an absolute right to exercise or recreation. As discussed, what is constitutionally required, however, is that he not be confined for long periods without the opportunity for regular physical exercise. *See* ***Ruiz***, 679 F.2d at 1152. He concedes he was provided the opportunity for outside recreation/exercise when he was offered trustee status; he refused that status, however, because he did not want to work for the city.

The opportunity for exercise was afforded; any deprivation was self-imposed.

Applying the same logic used in his exercise claim, Lewis contends he was denied his right to access to the courts because prisoners' use of the city's public library was also conditioned upon trustee status. A prisoner must allege a deliberate denial of his right of access to the courts to allege the deprivation of a substantive constitutional right, *Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986); and he may not prevail on such claim unless he demonstrates prejudice. *McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998).

Lewis' claim is meritless because he has not established that Defendants deliberately denied him use of the public library. Had he accepted the offer of trustee status, he could have used the public library's legal materials.

Lewis challenges the summary judgment against his claim his due process rights were denied when he was placed several times in "isolation" without being afforded a hearing. To bring a procedural due process claim under § 1983, Lewis must: identify a protected liberty interest; and then prove governmental action resulted in a deprivation of that interest. *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991). Administrative segregation does not constitute a deprivation of a constitutionally cognizable liberty interest. *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996).

Lewis uses the term "isolation" loosely, implying he was placed in solitary confinement. The district court, however, ruled

4

that Lewis had been placed in administrative segregation, not isolation, and that ruling is supported by the record. The cell where he was placed was several feet from the main population, allowing Lewis to converse with other inmates, and the cell was identical to the others in the jail with the exception that it did not have a telephone. Lewis does not challenge that ruling on appeal. Lewis has not shown error.

Lewis contests the exclusion at trial of the expert testimony of Dr. Sechrest. A ruling on the admissibility of expert testimony is reviewed for an abuse of discretion. *United States v. Alexander*, 816 F.2d 164, 167 (5th Cir. 1987), *cert. denied*, 493 U.S. 1069 (1990); *see* FED. R. EVID. 702. Lewis has not identified any facts to which Dr. Sechrest would have testified that would not have been within the common knowledge of the jury. His contention is devoid of an explanation of how Dr. Sechrest's proposed testimony concerning American Correctional Association standards would have been relevant to the Leesville City Jail and this litigation. He has, therefore, not demonstrated an abuse of discretion.

Finally, Lewis challenges the denial of his motion for judgment as a matter of law on the issue of unconstitutional conditions of confinement. The denial of a motion for judgment as a matter of law is reviewed *de novo*. *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 455 (5th Cir. 2001). Such judgment is appropriate only if the evidence, viewed in the nonmoving party's favor, points but one way and is not susceptible

5

to reasonable inferences which may support the nonmovant's position. *Id.*

Lewis contends that the totality of the evidence showed he was in isolation anywhere from 180 to 310 days of his confinement. His deposition testimony, which was offered at trial because Lewis was unavailable to testify, supports a finding that his time spent in isolation was not continuous. The evidence was open to reasonable inferences that supported Defendants' position.

*AFFIRMED*