IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60951
Conference Calendar
_____

LUTHER EDWARD CARR,

Plaintiff-Appellant,

versus

SHEILA FANCHER; DAVID TURNER; ROBERT L. JOHNSON,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:01-CV-154-PG
- - - - - - - - - -
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Luther Edward Carr, Mississippi prisoner # 73275, appeals the district court's dismissal of his *pro se, in forma pauperis* 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Carr contends that his due process rights were violated when he was placed in lockdown at South Mississippi Correctional Institute (SMCI), in Leakesville, Mississippi, even though he had not received any rule violation reports and he was not given a reason for being placed in lockdown. He contends that his classification status should have been upgraded. Carr

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court erred by dismissing his complaint without conducting an evidentiary hearing. He also asserts, for the first time on appeal, that he is still in lockdown because he filed a 42 U.S.C. § 1983 complaint.

Carr admits that he was classified as a C-custody inmate when he was transferred to SMCI. However, he contends that because he received additional privileges, including being taken out of lockdown, for working in the fields at the Mississippi State Penitentiary at Parchman, Mississippi, prior to his transfer to SMCI, he was entitled to be classified as a B-custody inmate. Carr has no protectable liberty interest in being incarcerated at a particular institution or obtaining a particular custodial classification, nor has he established such an interest based on administrative segregation. See Meachum v. Fano, 427 U.S. 215, 225 (1976); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Pichardo v. Kinker, 73 F.3d 612, 612 (5th Cir. 1996). Therefore, the district court did not abuse its discretion in dismissing his complaint as frivolous and without an evidentiary hearing. To the extent that Carr asserts that he has remained in lockdown due to his filing of a 42 U.S.C. § 1983 complaint, we do not address this issue because it is raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).

Carr's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of the appeal as frivolous

and the district court's dismissal of Carr's 42 U.S.C. § 1983 complaint as frivolous count as "strikes" under the three-strikes provision of 28 U.S.C. § 1915(g).  See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(e)(2)(B)(i). Carr is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.