United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30863
Summary Calendar

_____

KRAFT BROWN,

Plaintiff-Appellant,

versus

ROY WILLIAMS; J. WILLIAMS; BRYAN WILSON; JEAN McKAY;
H. RAGLE; ROBERT Y. HENDERSON; JIM ROGER; JOANN
PESHOFF; SAMUEL W. MATTHIS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CV-705-PM
- - - - - - - - - -

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Kraft Brown, a Louisiana prisoner (# 106854), appeals the district court's sua sponte dismissal of his pro se, in forma pauperis ("IFP") 42 U.S.C. § 1983 civil rights complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). In the complaint, Brown alleged that the defendants, who were various officials at his prison, had retaliated against him for exercising his Fourth Amendment and due process rights. He asserted that he was found guilty of the disciplinary offense of aggravated disobedience for refusing to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provide a DNA sample and penalized with 10 days of administrative segregation and the loss of incentive pay.  Allegedly, the defendants had told him that LA. REV. STAT. ANN. § 15.609 permitted them to use force to collect a DNA sample, but Brown had asserted that the statute permitted inmates convicted prior to September 1999, like Brown, to refuse such collection.  Brown asserted that he eventually agreed to provide a sample, but only after defendants continued to threaten him verbally.

This court has held that a Texas statute, TEX. GOV'T CODE § 411.148, which provides for the collection of blood samples from felons for registration in a DNA databank, does not violate those felons' Fourth Amendment right to privacy.  Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).  Because the Texas statute is nearly identical to the Louisiana statute at issue here, Brown's challenge to the statute is frivolous.  Insofar as Brown is arguing that he is not challenging the constitutionality of LA. REV. STAT. ANN. § 15.609 but that its incorrect application to him violated his due process rights, his claim is likewise frivolous because a mere violation of state law does not state a constitutional claim under 42 U.S.C. § 1983.  Giovanni v. Lynn, 48 F.3d 908, 912-13 (5th Cir. 1995).  Brown's due process challenge to his disciplinary penalties is frivolous because those penalties did not amount to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995); Pichardo v. Kinker, 73 F.3d 612, 612 (5th Cir. 1995).  Because Brown has not identified a specific constitutional right that the defendants

violated, he failed to state a cognizable retaliation claim.
Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).
Finally, Brown's allegation of verbal threats did not state a
constitutional claim.  Siglar v. Hightower, 112 F.3d 191, 193
(5th Cir. 1997); McFadden v. Lucas, 713 F.3d 143, 146 (5th Cir.
1983).  The court did not abuse its discretion in dismissing the
complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Taylor v.
Johnson, 257 F.3d 470, 472 (5th Cir. 2001).

Brown's appeal is without arguable merit.  See Howard v.
King, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, we DISMISS
the appeal as frivolous.  5TH CIR. R. 42.2.  The dismissal of the
instant appeal as frivolous counts as a strike for purposes of
the three-strikes provision, 28 U.S.C. § 1915(g), as does the
district court's dismissal.  See Adepegba v. Hammons, 103 F.3d
383, 387-88 (5th Cir. 1996).  In 2000, the district court
dismissed as frivolous a prior 42 U.S.C. § 1983 complaint by
Brown.  Brown v. White, No. 2:00-CV-119 (W.D. La. July, 18,
2000).  Brown has thus accumulated three strikes.  Accordingly,
we CAUTION Brown that hereafter he may not proceed IFP in any
civil action or appeal filed while he is incarcerated or detained
in any facility unless he is under imminent danger of serious
physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.