United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41466
Summary Calendar

SCOTT MARK LAIR, ET AL.,

Plaintiffs,

SCOTT MARK LAIR,

Plaintiff-Appellant,

versus

MIKE PURDY, etc., ET AL.,

Defendants,

MIKE PURDY, individually and as Warden of FCI-TRV; LARRY SANDSON;
LIEUTENANT ROBERT SWAIN, individually and as Lieutenant FCI-TRV;
MIKE CARVAJAL, individually and as Lieutenant FCI-TRV; BERNIE
AYALA, individually and as Correction Officer FCI-TRV; MIKE RUIZ,
individually and as Deputy Sheriff Live Oak County; John Doe #1;
John Doe #2; John Doe #3; John Doe #4; John Doe #5; UNITED STATES
OF AMERICA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:01-CV-381
--------------------

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Scott Mark Lair, federal prisoner # 76589-079, appeals the

dismissal, on remand, of the following claims:   (1) He was

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

subjected to harsher visitation restrictions than other inmates, in violation of his rights under the First Amendment; (2) his placement in the Special Housing Unit (SHU) violated his due process rights; and, (3) Lt. Swain and Officer Ayala retaliated against him for filing grievances and for writing letters regarding his treatment in prison.

Lair argues that his claim based on visitation restrictions is not frivolous because prison officials used the visitation process as a "bargaining chip" to force him to submit to their authority. The district court did not err in dismissing this claim as frivolous and for failure to state a claim on which relief can be granted. See Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999); Thorne v. Jones, 765 F.2d 1270, 1274 (5th Cir. 1985). Because we affirm the dismissal of the claim based on visitation restrictions on the above grounds, we do not reach Lair's argument that the district court erred in dismissing the claim as time barred. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

Lair contends that his 420-day confinement in the SHU was unconstitutional and that the reasons given for his placement in the SHU were "false." He maintains that the defendants violated regulations governing the Bureau of Prisons in confining him to the SHU. Lair has not shown that the district court erred in dismissing his due process claim regarding his placement in the SHU for failure to state a claim. See Pichardo v. Kinker, 73 F.3d 612, 612 (5th Cir. 1996); Luken v. Scott, 71 F.3d 192, 193 (5th Cir.

2

1995).

Lair contends that the district court erred in dismissing his retaliation claim against Lt. Swain and Officer Ayala. He contends that the grievances he filed on other matters were sufficient under the circumstances to provide notice of his claims and to substantially comply with the exhaustion requirement. Lair has not shown that the district court erred in dismissing his retaliation claims against Lt. Swain and Officer Ayala for failure to exhaust administrative remedies. See Days v. Johnson, 322 F.3d 863, 866-68 (5th Cir. 2003).

It is unclear whether the district court's dismissal of the retaliation claims was with prejudice with respect to the exhaustion requirement. The judgment of the district court will be affirmed as modified to reflect that the dismissal of the retaliation claims against Lt. Swain and Officer Ayala is without prejudice. See Wright v. Hollingsworth, 260 F.3d 357, 359 (5th Cir. 2001). Because we affirm the dismissal of the retaliation claims for failure to exhaust administrative remedies, we do not reach Lair's argument that the district court erred in dismissing the retaliation claims for failure to state a claim on which relief can be granted. See Sojourner T, 974 F.2d at 30.

**AFFIRMED AS MODIFIED.**

3