**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2011

Lyle W. Cayce
Clerk

No. 11-40222
Summary Calendar

JOHN EDWARD ALLUMS,

                    Plaintiff-Appellant

v.

LANCE PHILLIPS; COREY FURR; BLAKE LAMB; LEE MARTINEZ; WADE
KING; JOHNNY ENGLISH; GREGORY OLIVER; DEBBIE ERWIN; JOHN
WILLIAMS; CHERYL LAWSON,

                    Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-162

Before JONES, Chief Judge and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

John Edward Allums, Texas prisoner # 578848, appeals the district court's

dismissal of his 42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915A as frivolous

and failure to state a claim. Allums argues that he was denied due process

during his disciplinary proceeding and this denial implicated his Fourteenth

Amendment rights when he was placed in administrative segregation as a result

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of the disciplinary infraction.  The dismissal of Allums complaint is reviewed de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir.2005).

Placement in administrative segregation or a change in custodial classification as a result of a disciplinary infraction, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest, and, therefore, there is no right to due process.  *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998); *Pichardo v. Kinker*, 73 F.3d 612, 612 (5th Cir. 1996); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).  To demonstrate a liberty interest, such that due process rights are applicable, the prisoner, such as Allums, must show that the placement in administrative segregation or the change in custody status was imposed for disciplinary reasons and involves "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485-86.  Allums has not made such a showing.  *See id.*; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Additionally, any assertion that state prison rules and regulations were broken in connection with Allums's placement in administrative segregation do not state a constitutional claim.  *See Jackson v. Cain*, 864 F.2d 1235, 1252 (5th Cir. 1989).

**AFFIRMED.**