# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2016

Lyle W. Cayce
Clerk

GENTRY TRE-MAINE SMITH,

Plaintiff-Appellant

v.

V. HORTON, Warden at East Mississippi Correctional Facility; GEO GROUP, INCORPORATED, Operator of East Mississippi Correctional Facility; BART GRIMES, Warden at East Mississippi Correctional Facility; UNKNOWN CARR, Sergeant at East Mississippi Correctional Facility,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-958

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gentry Tre-Maine Smith, Mississippi prisoner # 106460, filed a 42 U.S.C. § 1983 civil rights action against the operator and staff of the East Mississippi Correctional Facility (EMCF), alleging that the defendants violated due process by falsely convicting him of, and placing him in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative segregation for, assaulting another inmate with a dangerous weapon.   He further alleged that the conditions of his confinement in administrative segregation violated the Eighth Amendment.   The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).  The magistrate judge granted summary judgment in favor of the defendants and also denied Smith's motion to amend his complaint.  Because Smith fails to address the propriety of the magistrate judge's ruling denying his motion to amend his complaint, he has waived appeal of that issue.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Reviewing de novo the magistrate judge's grant of summary judgment, we affirm.  *See McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

As to Smith's due process claim, we note that a prisoner's treatment presents a vindicable liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Smith's punishment via long-term administrative segregation did not, without more, deprive him of a constitutionally cognizable liberty interest.  *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Moreover, there was at least "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454-55 (1985).  To the extent Smith asserts that the defendants failed to adequately investigate his ensuing administrative grievance, he had no protected liberty interest in either the adequacy or the result of prison administrative grievance procedures.  *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Eason v. Thaler*, 73 F.3d 1322, 1325-26 (5th Cir. 1996).  In light of the foregoing, the magistrate judge correctly determined that

the defendants were entitled to judgment as a matter of law on Smith's due process claim. *See Sandin*, 515 U.S. at 484-85; FED. R. CIV. P. 56(a).

To establish an Eighth Amendment violation based on the conditions of his confinement in administrative segregation, Smith must show (1) that the deprivation alleged was sufficiently serious as to result in the denial of the minimal civilized measure of life's necessities, and (2) that the defendants acted with deliberate indifference—that is, reckless disregard—to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Davidson v. Cannon*, 474 U.S. 344, 357 (1986). Liability under § 1983 may not be premised on a theory of *respondeat superior* or on a finding of mere negligence; rather, the defendants' deliberate indifference must be the "moving force" behind the unconstitutional deprivation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692-94 (1978); *Wilson v. Seiter*, 501 U.S. 294, 305-06 (1991).

The conditions of Smith's confinement, standing alone, do not present a risk of injury sufficiently extreme to implicate the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). Moreover, nothing in the record suggests that the defendants were the "moving force" behind the complained-of confinement conditions. *See Monell*, 436 U.S. 658 at 692-94. Accordingly, the magistrate judge correctly determined that the defendants were entitled to judgment as a matter of law on Smith's Eighth Amendment claim. *See Farmer*, 511 U.S. at 834; FED. R. CIV. P. 56(a).

AFFIRMED.