# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2021

Lyle W. Cayce
Clerk

No. 20-40002
Summary Calendar

Paul A. Crayton, *also known as Big Ant*,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; William Stephens, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Baker; Travis Turner; Cindy Marie Gardner,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:19-CV-274

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Paul A. Crayton, Texas prisoner # 1886839, appeals the district court's dismissal of his pro se 42 U.S.C. § 1983 civil rights complaint, with

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

prejudice, as frivolous and for failure to state a claim upon which relief may be granted. We review the dismissal de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). We GRANT his motion to amend his brief to include an additional page, we DENY his motion to supplement his brief with new evidence, and we DENY his motion for appointment of counsel.

In his complaint, Crayton claimed that, beginning in May 2016, he was subjected to a voice coming from the upper corner area of his cell that described itself as a cell restrictive system for inmates, continued speaking to him often, and followed him wherever he went. Because Crayton's allegations are delusional, the district court correctly determined that this claim lacks an arguable basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The district court also correctly determined that Crayton's challenge to his continued detention in administrative segregation lacked an arguable basis in law because he did not have a protected liberty interest in his custodial classification and he failed to show the existence of extraordinary circumstances. *See Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996). Finally, as to his inclusion of a state prosecutor as a defendant, his claim regarding his state prosecution relied on his delusional allegations and he failed to show that this prosecutor was personally involved in the alleged violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). His complaint was therefore properly dismissed as frivolous and for failure to state a claim upon which relief may be granted.

Because Crayton fails to raise any issues of arguable merit, his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *see also Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). This dismissal and the dismissal of Crayton's case in the district court each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Crayton is WARNED that, if he accumulates three strikes, he

No. 20-40002

may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).