# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2022

Lyle W. Cayce
Clerk

No. 21-20160
Summary Calendar

Patricio Estrada,

*Plaintiff—Appellant*,

*versus*

Troy Nehls, *Sheriff of Fort Bend County, Texas*; Sergeant Pale;
Officer Owens; Deputy Erivo; Deputy Lilly; Correct
Care Solutions, *Medical Contractor with the Fort Bend County Jail*;
Dr. Kahn; Nurse Shirley Rabius; Fort Bend County;
The State of Texas,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3883

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20160

Patricio Estrada, Texas prisoner # 2089041, appeals the dismissal of his 42 U.S.C. § 1983 suit against: (1) Fort Bend County Sheriff Troy Nehls; (2) Sergeant William Pailes[1]; (3) Deputy Chris Owens; (4) Deputy Richard Erivo; (5) Deputy Connie Lilly; (6) Nurse Shirley Rabius; and (7) Correct Care Solutions (CCS). Estrada raised various claims related to a physical altercation with another inmate, including challenges to the subsequent disciplinary proceeding and the medical care he received after the incident. He also moves for appointment of counsel.

Estrada argues that the district court erred in granting the Federal Rule of Civil Procedure 12(b)(6) motion filed by Sheriff Nehls, Sergeant Pailes, Deputy Owens, Deputy Erivo, and Deputy Lilly. Rule 12(b)(6) permits dismissals when a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). We review Rule 12(b)(6) dismissals de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Morris v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014) (internal quotation marks and citation omitted). Even pro se complaints must "plead enough facts to state a claim to relief that is plausible on its face." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010) (internal quotation marks and citations omitted). A claim has facial plausibility "where a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Morris*, 739 F.3d at 745 (internal quotation marks and citation omitted).

Challenging the district court's dismissal of his claims against Sheriff Nehls, Estrada contends that the sheriff committed constitutional violations

---

[1] Estrada listed Sergeant Pailes as "Pale," but that appears to be a misspelling based on other record documents.

No. 21-20160

by seizing reading materials and not activating or fixing a kiosk machine, which impeded his ability to obtain hygiene products and file administrative grievances. Estrada also claims that Sheriff Nehls violated his due process rights by placing him in administrative segregation before having a disciplinary hearing.

Estrada has not demonstrated that the district court erred in granting Sheriff Nehls's Rule 12(b)(6) motion. *See id*. Estrada's conclusory allegations regarding the kiosk, the seizure of reading materials, and municipal liability are insufficient to state a claim for relief. *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017); *Fields v. City of S. Hous.*, 922 F.2d 1183, 1191-92 (5th Cir. 1991). Similarly, Estrada has not stated a facially plausible claim for relief in regard to Sheriff Nehls's placement of Estrada in administrative segregation before a hearing. *See Coleman*, 858 F.3d at 309; *Luken v. Scott*, 71 F.3d 192, 194 (5th Cir. 1995). Because Estrada has not stated a facially plausible claim of a constitutional violation, he has not shown that the district court erred in concluding that Sheriff Nehls is entitled to qualified immunity on Estrada's various civil rights claims. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

In addition, Estrada argues that the district court erred in its Rule 12(b)(6) dismissal of his claims against Deputy Owens and Sergeant Pailes in regard to their response to his safety and medical needs after the altercation with the fellow inmate. He asserts that these officers confiscated a second mattress despite his medical need for it and the fact that the prescription for it remained active. Estrada also urges that the district court erroneously dismissed his equal protection claim against Deputy Owens and Sergeant Pailes because they treated the fellow inmate differently after the altercation despite the fact that he was the aggressor in the fight. He further asserts that Deputy Owens and Sergeant Pailes are not entitled to qualified immunity.

No. 21-20160

Estrada has not established that the district court erred in its Rule 12(b)(6) dismissal of these claims because Estrada has not stated a facially plausible claim that Deputy Owens and Sergeant Pailes were deliberately indifferent to Estrada's medical needs given that he indeed received medical attention and there is no indication that the officers ignored his complaints or refused to seek treatment for him. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Similarly, Estrada has not stated a plausible equal protection claim that he received inadequate medical care when compared to the treatment received by the other inmate because Estrada has not pleaded facts to establish that the two inmates were similarly situated in terms of their injuries and subsequent medical treatment needs. *See Bustos*, 599 F.3d at 461-62; *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Because Estrada has not stated a facially plausible claim of a constitutional violation, he has not shown that the district court erred in concluding that Deputy Owens and Sergeant Pailes were entitled to qualified immunity on Estrada's deliberate indifference claims. *See Pearson*, 555 U.S. at 232.

Next, Estrada contends that the district court erred in its Rule 12(b)(6) dismissal of his failure-to-protect claim against Deputy Erivo because he was aware that Estrada faced a risk of serious harm from the fellow inmate through previous grievances filed by Estrada and other inmates. Estrada has not stated a facially plausible claim for relief given that he does not detail the substance of those grievances or submit them as evidence. *See Bustos*, 599 F.3d at 461-62. To the extent Estrada argues that Deputy Erivo should have resolved any previous grievances in Estrada's favor, Estrada has not pleaded a plausible claim of a constitutional violation because he has no constitutional right to satisfactory resolution of his administrative grievances. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Because Estrada has not stated a facially plausible claim of a constitutional violation, he has

not shown that the district court erred in concluding that Deputy Erivo was entitled to qualified immunity on this claim. *See Pearson*, 555 U.S. at 232.

Estrada urges that the district court erred in its Rule 12(b)(6) dismissal of his claims against Deputy Erivo and Deputy Lilly regarding Estrada's disciplinary proceedings while placed in what he categorizes as disciplinary lockdown rather than administrative segregation. Again, Estrada has not established that the district court erred in its Rule 12(b)(6) dismissal of these claims because "absent extraordinary circumstances, administrative segregation . . . , being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim." *Pichardo v. Kinker*, 73 F.3d 612, 612 (5th Cir. 1996). Because Estrada has not stated a facially plausible claim of a constitutional violation, he has not shown that the district court erred in concluding that Deputy Erivo and Deputy Lilly were entitled to qualified immunity on these claims. *See Pearson*, 555 U.S. at 232.

Additionally, Estrada avers that the district court erred in granting Nurse Rabius's and CCS's motion for summary judgment. He claims that Nurse Rabius delayed care and exhibited deliberate indifference to his serious medical needs after the fight, specifically the administration of pain medication, the cancellation of a prescription for a second mattress, and the alleged alteration of medical records.

We review de novo a grant of summary judgment, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, LLC*, 636 F.3d 752, 754 (5th Cir. 2011). In general, summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Estrada's conclusional allegations regarding altered medical records and denial of pain medication, without any supporting record evidence, are

No. 21-20160

insufficient to raise a genuine factual dispute regarding his claim of deliberate indifference by Nurse Rabius. *See Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004). Similarly, he has not shown a genuine factual dispute regarding Nurse Rabius's alleged cancellation of his mattress prescription. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In sum, Estrada has not raised a genuine dispute of material fact surrounding Nurse Rabius's medical treatment, *see id.*, and therefore, the district court did not err in granting her motion for summary judgment on Estrada's claims of her deliberate indifference to his medical needs, *see Celotex Corp.*, 477 U.S. at 322. Estrada has not briefed his challenge to the grant of CCS's motion for summary judgment and therefore has abandoned the issue. *See United States v. Abdo*, 733 F.3d 562, 568 (5th Cir. 2013); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The judgment of the district court is AFFIRMED. The motion for appointment of counsel is DENIED.