United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41596
Summary Calendar
_____

RAY COLGROVE,

                                        Plaintiff-Appellant,

versus

EDDIE WILLIAMS; ROBERT OTT; WILLIAM DRIVER;
AURTHOR VERRETT; BILL CHEATHAM; UNIDENTIFIED
WILBURN; KELLI WARD; K. KNIGHT; JAMES JONES;
PRISCILLA DALY; SALVADOR BUENTELLO,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-190
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Ray Colgrove, a Texas prisoner (# 471509), appeals the

district court's dismissal of some of the claims in his 42 U.S.C.

§ 1983 civil rights action as frivolous, under 28 U.S.C. § 1915A.

    The district court must review prisoner complaints as soon

as practicable and dismiss the complaints if they are "frivolous,

malicious, or fail[ ] to state a claim upon which relief may be

granted."  28 U.S.C. § 1915A(a), (b)(1).  Section 1915A "applies

regardless . . . whether the plaintiff has paid a filing fee or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is proceeding [IFP]." Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998). Dismissals under § 1915A are reviewed de novo. Id. at 275; but see Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (a dismissal as frivolous under § 1915A(b) is reviewed for an abuse of discretion).

Colgrove argues that prison officials have violated his rights under both the Due Process Clause and the Cruel and Unusual Punishment Clause by keeping him confined in administrative segregation for more than a decade. It is debatable whether the district court erred in concluding that such confinement did not present an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," so as to constitute a liberty interest protected by the Due Process Clause. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Wilkerson v. Stalder, 329 F.3d 431, 435-36 (5th Cir.), cert. denied, 124 S. Ct. 432 (2003); Pichardo v. Kinker, 73 F.3d 612, 612 (5th Cir. 1995); see also Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000). Nonetheless, Colgrove has not argued that the periodic review procedures he received were insufficient under the Due Process Clause, and he has thus failed to state a cognizable claim under the due-process framework set forth in Sandin. Colgrove also has not established that the confinement violated his Eighth Amendment rights because he has not shown that it deprived him of the "minimal measure of life's necessities" or that prison officials subjectively acted with "deliberate indifference" to his conditions of confinement. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).

This court recently rejected a claim almost identical to Colgrove's contention that prison officials' demand for him to provide a blood sample for a DNA database for felons violates his Fourth Amendment right to privacy. See Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003). Colgrove also contends that officials' enforcement of the statute requiring such blood samples violates his rights under the Ex Post Facto Clause. Because this claim is raised for the first time on appeal, we will not address it. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Colgrove's conclusory allegations are insufficient to establish a "chronology of events" as required to support his claim that his prolonged confinement in administrative segregation is the product of retaliation by prison officials. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

In his appellate brief, Colgrove did not set forth the following claims that he raised in the district court: prison officials violated his due process rights at a disciplinary hearing concerning his refusal to provide a blood sample; officials retaliated against him, by denying him visitation privileges, after he filed grievances against a female correctional officer for forcing him to submit to a strip search; the cross-gender strip searches violated his Fourth Amendment rights; officials violated his due process rights by searching his cell and confiscating property without a hearing; officials were deliberately indifferent to his safety by failing to remedy

slippery shower floors; and officials were deliberately indifferent to his serious medical needs by failing to provide adequate medical treatment.  By failing to brief these claims, Colgrove has abandoned them.  <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

The judgment of the district court is AFFIRMED.