**Darrell W. McAFEE,**
**Plaintiff–Appellant,**

v.

**5TH CIRCUIT JUDGES, et al.,**
**Defendants–Appellees.**

No. 89–3146.

United States Court of Appeals,
Fifth Circuit.

Sept. 26, 1989.

Darrell W. McAfee, Rosharon, Tex., pro se.

John Volz, U.S. Atty., Eileen Gleasen Shaver, Asst. U.S. Atty., New Orleans, La., for defendants-appellees.

Before GARWOOD, HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:

Appellant Darrell W. McAfee moves this Court for leave to appeal in forma pauperis from the district court's dismissal of his civil rights complaint that alleged that a federal magistrate, a federal district judge, a panel of this Court, and a deputy clerk of this Court conspired against him. McAfee has failed to present a non-frivolous issue for this Court's review, i.e., an issue of arguable merit. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). The motion for leave to appeal in forma pauperis is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* Loc.R. 42.2.

■ A complaint may be dismissed pursuant to § 1915(d) where the claim has no arguable basis in law or fact. *Neitzke v. Williams,* — U.S. —, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). There is no arguable basis for McAfee's complaint, and it was properly dismissed as frivolous.

■ Judges are absolutely immune against an action for damages for acts performed in their judicial capacities, " 'even when such acts are ... alleged to have been done maliciously or corruptly.' " *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) (citation omitted). The federal judges were performing a judicial function by ruling in McAfee's case and thus are absolutely immune notwithstanding McAfee's allegations of conspiracy. McAfee has failed to allege any facts in support of his claim that the judges and the deputy clerk conspired against him. It is now well settled in this Circuit that " 'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy." *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir.1986) (citation omitted).

McAfee next contends that the district court erred by denying his motion to amend his complaint to allege that the judicial conspiracy was actionable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

■ The amendment proffered by McAfee was futile, and thus the district court was justified in denying leave to amend. *See Boda v. United States,* 698 F.2d 1174, 1176 (11th Cir.1983). McAfee failed timely to file an administrative claim with the appropriate government agency as required by 28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a jurisdic-

tional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement the district court was without jurisdiction. *Rise v. United States,* 630 F.2d 1068, 1071 (5th Cir.1980). Moreover, McAfee failed to allege a claim under the Tort Claims Act. McAfee's claim is founded on the United States Constitution, not state tort law. A constitutional claim does not arise under the Act and is barred by sovereign immunity. *Boda v. U.S.,* 698 F.2d at 1176.

McAfee contends that the district court abused its discretion by imposing sanctions pursuant to Fed.R.Civ.P. 11 for filing a frivolous complaint. This issue is without merit.

Rule 11 provides that the signature of a party on a complaint constitutes a certificate that the complaint "is well grounded in fact and is warranted by existing law or a good faith-argument for the extension, modification, or reversal of existing law." The rule provides that a district court shall impose an appropriate sanction for violation of the rule. For the reasons previously discussed, McAfee's complaint is not well grounded in the law and does not present a good faith argument for the modification of the law; thus his complaint is in violation of rule 11, and the imposition of sanctions was warranted.

McAfee also contends that the imposition of sanctions of $30 was an abuse of discretion because he is poor. McAfee has filed at least ten civil rights suits in the federal district courts. Seven of these suits were dismissed as frivolous, and in four instances the district court imposed sanctions ranging from $10 to $25. Because lesser sanctions have proved inadequate, the imposition of sanctions of $30 was not an abuse of discretion.

Federal Rule of Appellate Procedure 38 authorizes this court to impose sanctions on an appellant that pursues a frivolous appeal. There is no arguable merit to McAfee's, appeal and it is frivolous within the meaning of rule 38. *See Lyons v. Sheetz,* 834 F.2d 493, 496 (5th Cir.1987). McAfee is warned that further frivolous appeals will result in substantial sanctions.