DEPARTMENT OF PUBLIC
SAFETY Plaintiff

v.

The UNITED STATES of America and
Ernestine Maxey Defendants

No. CIV.A. 304CV469BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 29, 2004.

Robert P. Thompson, Brandi B. Burroughs, Copeland, Cook, Taylor & Bush, Ridgeland, MS, for Department of Public Safety, plaintiff.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Defendants' Motion to Dismiss. Having considered the Motion to Dismiss, the Response and the Rebuttal, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

Plaintiff Department of Public Safety (hereinafter "Department") bought this suit against the United States and Ernestine Maxey for the allegedly negligent acts of Maxey. The case was filed with this Court on June 18, 2004. Plaintiff's claims are based on a vehicle accident between Maxey, a mail carrier for the United States Postal Service, and Thomas Hopkins, an officer with the Mississippi Highway Patrol.[1] The parties do not dispute that Maxey was acting within the course and scope of her employment with the Postal Service when the accident occurred. Hopkins was injured in the accident. As Hopkins' self-insured employer, the Department allegedly expended $16,086.09 in medical bills for treatment of Hopkins' injuries, and provided additional indemnity benefits to Hopkins in the amount of $22,093.62. The total amount expended by the Department in relation to the subject

---

1. The Mississippi Highway Patrol falls under the purview of the Mississippi Department of Public Safety.

vehicle accident was $38,093.62, which is the amount of the claim in this case.

Defendants filed the subject Motion to Dismiss on August 19, 2004. Defendants assert that this case should be dismissed because this Court lacks subject matter jurisdiction to hear Plaintiff's claims. Separate arguments for dismissal are asserted for the two Defendants.

■ Maxey argues that she should be dismissed because under applicable statutory law, she is not a proper party to this suit. The Court agrees. Under 28 U.S.C. § 2679(b)(1) a cause of action based on the negligence of a federal government employee while acting within the course and scope of her employment must be brought *solely* against the United States.[2] In its Response, the Department provides no arguments to the contrary. The Court therefore finds that Defendant Maxey must be dismissed from this cause *with prejudice.*

■ Defendant United States contends that it should be dismissed from this case, without prejudice, because Plaintiff failed to exhaust the required prerequisite administrative remedies prior to filing this suit. Again, the Court agrees.

The Federal Tort Claims Act (hereinafter "FTCA")[3] sets forth prerequisites for filing suit against the United States. One of the prerequisites is that

[a]n action shall not be instituted upon a claim against the United States for mon-

ey damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Under § 2675(a), a plaintiff must exhaust all administrative remedies before filing suit against the United States, such as presenting his claims to the appropriate federal agency. Otherwise, a suit against the United States cannot proceed. *Id.; McNeil v. United States,* 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges,* 884 F.2d 221, 223–23 (5th Cir.1989).

In the subject case, the Department concedes that it did not exhaust the administrative remedies required by the FTCA. However, it argues that this Court should nevertheless exercise jurisdiction over the case because

the present action before the court is one for subrogation and recoupment of

---

**2.** Section 2679(b)(1) states:

The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate

of such employee. *Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded* without regard to when the act or omission occurred.
(Emphasis added).

**3.** The FTCA is codified within the following sections of Title 28 of the United States Code: 1291, 1346, 1402, 2401, 2402, 2411, 2412 and 2671 through 2680.

funds expended as a result of a tort and is not a direct action by the individual alleged to have been wronged in tort by an employee of the government. As such, it is unclear under case and statutory law whether the requirement of 28 U.S.C. § 2675(a) concerning exhaustion of administrative remedies is applicable to this cause of action. . . .

Plaintiff's Response to Defendants' Motion to Dismiss, p. 2, ¶ 4. Plaintiff presented no case law or further analysis in support of this argument.

Plaintiff's argument belies the plain language of § 2675(a) which requires exhaustion of administrative remedies for claims *"arising or resulting from* the negligent or wrongful act or omission of any employee of the Government[.]" (Emphasis added); *see also, Commercial Union Ins. Co. v. United States,* No. Civ. A. 97–3406, 1998 WL 637379 (E.D.La. Sept. 16, 1998)(analyzing exhaustion of administrative remedies under the FTCA in the context of a subrogation claim similar to the claim in this case). The Court finds that the Department was required to exhaust the administrative remedies set forth in the FTCA prior to filing the subject suit. Because it admittedly failed to do so, the claims against the United States must be dismissed, *without prejudice.*

Based on the analyses and holdings presented above, Defendant Ernestine Maxey must be dismissed from this case with prejudice, and Defendant United States of America must be dismissed without prejudice. As these are the only two named Defendants, a Final Judgment will be entered dismissing this cause.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [4–1] is hereby granted. Defendant Ernestine Maxey is hereby dismissed from this case with prejudice, and Defendant United States of America is hereby dismissed from this case without prejudice. A sepa-

rate Final Judgment reflecting the same will be entered on this day.

### FINAL JUDGMENT

In accordance with Rule 58 of the Federal Rules of Civil Procedure and the Opinion and Order entered this day granting the Motion of Defendants to Dismiss, this case is hereby dismissed. Specifically, Defendant Ernestine Maxey is hereby dismissed from this case with prejudice, and Defendant United States of America is hereby dismissed from this case without prejudice.