**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-40102
Summary Calendar

ROBERT ROY BUTCHER

Plaintiff-Appellant

v.

JUDITH K GUTHRIE; LEONARD DAVIS

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-410

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Roy Butcher, Texas prisoner # 719502, appeals the dismissal of his lawsuit against United States Magistrate Judge Judith K. Guthrie and United States District Judge Leonard Davis. Butcher alleged that the defendant judges had violated his rights by mishandling an earlier lawsuit brought by Butcher. Because the district court dismissed Butcher's lawsuit pursuant to 28 U.S.C. § 1915A(b) not only as frivolous but also as failing to state a claim upon which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief may be granted and as seeking monetary relief from defendants immune from such relief, we review the dismissal de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Butcher argues that the defendant judges were not immune from money damages but were liable to him under the Federal Torts Claim Act for their rulings in his earlier federal lawsuit. However, the district court properly concluded that the defendant judges were immune from the damages Butcher sought. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989). Butcher also argues that the defendant judges were liable under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, § 1983 does not apply to federal officials, *see Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005), and the defendant judges were immune under *Bivens* because their handling of Butcher's earlier lawsuit was a judicial act "not performed in the clear absence of all jurisdiction." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). To the extent that Butcher seeks reinstatement of his previous lawsuit, he is precluded from doing so. *See Alan v. McCurry*, 449 U.S. 90, 94 (1980).

As Butcher's appeal presents no legal points arguable on their merits, it is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Butcher previously accumulated two strikes when his federal lawsuit against a Texas state court judge and others was dismissed as frivolous in the district court and on appeal. *See Butcher v. Craig*, 169 F. App'x 252, 252-53 (5th Cir. 2006). Accordingly, Butcher is now barred from proceeding in forma pauperis pursuant to § 1915 in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.