**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2012

No. 11-41222
Summary Calendar

Lyle W. Cayce
Clerk

RUBEN GUERRERO,

Plaintiff-Appellant

v.

WADE A. KING, JR., Captain; JAN M. SMITH, Substitute Counsel; CRAIG A.
FISHER, Major; TOVI P. BUTCHER, Major; GREGORY H. OLIVER, Assistant
Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:11-CV-81

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ruben Guerrero, Texas prisoner # 1635715, moves this court for leave to
appeal in forma pauperis (IFP) following the dismissal of his 42 U.S.C. § 1983
complaint pursuant to 28 U.S.C. § 1915A(b)(1). He argues that although he
clearly set forth an equal protection claim, the magistrate judge failed to
evaluate his claim prior to dismissing the complaint. He also argues that his
claim was not subject to dismissal under § 1915A(b)(1). Guerrero's motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

proceed IFP on appeal is construed as a challenge to the magistrate judge's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Guerrero's assertion that the magistrate judge failed to address his equal protection claim is not frivolous. Although the claim was set forth in the complaint and at the hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the magistrate judge did not address the claim in the order of dismissal. We therefore grant Guerrero leave to appeal IFP, and we exercise our discretion to proceed to the merits of the appeal. *See Baugh*, 117 F.3d at 202.

We review the dismissal of a complaint under § 1915A(b)(1) de novo, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). A complaint is frivolous if it lacks an arguable basis in law or fact. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). We may affirm the dismissal of Guerrero's complaint on any basis supported by the record. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

To maintain his equal protection claim, Guerrero must prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent. *See Taylor*, 257 F.3d at 473. Viewed in the light most favorable to him, the facts of the instant case are insufficient to raise a nonfrivolous equal protection claim. *Id.; see also Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). Accordingly, the judgment dismissing the complaint as frivolous is AFFIRMED. Guerrero's motion for the appointment of counsel on appeal is DENIED.