# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50455
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 9, 2013

Lyle W. Cayce
Clerk

RUBEN GUERRERO,

Plaintiff-Appellant

v.

TRAVIS COUNTY, TEXAS; SELENA M. ALVARELIGA; JUDGE WILFRED
FLOWERS;  PATRICIA  AGUILAR;  COUNTY  ATTORNEY,  DAVID
ESCAMILLA; UNKNOWN EMPLOYEE OF COUNTY ATTORNEY'S OFFICE;
ART  ACEVEDO;  UNKNOWN  DETECTIVE  OF  FINANCIAL  CRIMES
DEPARTMENT; AUSTIN POLICE DEPARTMENT, TRAVIS COUNTY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-452

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ruben Guerrero, Texas prisoner # 1635715, filed a 42 U.S.C. § 1983
complaint against the defendants, alleging that a witness (apparently his wife)
committed perjury during his 2009 assault trial; that a CD of exculpatory
telephone calls that his appointed counsel gave to an interpreter was stolen; that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the trial judge excluded certain evidence; and that criminal charges he filed against his wife relating to credit card fraud and theft were not pursued by the county attorney's office or the police department. On recommendation of the magistrate judge, the district court dismissed Guerrero's complaint as frivolous pursuant to 28 U.S.C. § 1915(e). The court also denied Guerrero leave to amend, denied a motion for rehearing, and denied Guerrero leave to proceed in forma pauperis (IFP) on appeal. Guerrero now moves for permission from this court to proceed IFP. By doing so, Guerrero is challenging the district court's certification that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Guerrero's sole argument is that the Austin Police Department and the County Attorney failed to investigate and prosecute the charges he filed against his wife because she was a woman, despite evidence she had committed a felony, while he, a male, was convicted without evidence. Guerrero asserts that his rights under the Equal Protection Clause were, therefore, violated. Although Guerrero insists that he does not challenge his conviction, his assertion that his prosecution was based on gender discrimination effectively challenges the constitutionality of his conviction. *See, e.g., Wayte v. United States*, 470 U.S. 598, 608 (1985). As a ruling in favor of Guerrero on this claim necessarily implies that his conviction was invalid, his equal protection challenge is barred unless the conviction has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Guerrero's conviction was affirmed on appeal, *see Guerrero v. State*, No. 03-10-00218-CR, 2011 WL 2176825, at *1 (Tex. Ct. App. 2011), and there is no indication it has since been reversed or otherwise called into question.

Guerrero appears to have abandoned his trial-based claims against the trial judge, his counsel, the prosecutor, and the interpreter. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993). Nevertheless, we find it appropriate to

address them briefly to the extent they involve issues of immunity. *See Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994). The trial judge is absolutely immune from suit as there is no allegation that he acted outside his judicial role or in the absence of jurisdiction. *See id.* at 284-85. The prosecutor likewise enjoys absolute § 1983 immunity for actions taken in the presentation of a case. *See id.* at 285. Guerrero asserted no facts supporting a constitutional claim against the interpreter, and Guerrero's appointed counsel has no liability under § 1983 because she is not a state actor. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981).

Guerrero also complains that the district court denied leave to amend as futile. We see no abuse of discretion by the district court. *See McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989).

As Guerrero has not demonstrated that he will raise a nonfrivolous issue on appeal, his motion for leave to proceed IFP is denied. *See* 28 U.S.C. § 1915(a); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because his appeal is frivolous, it is dismissed. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Both the district court's dismissal of the complaint as frivolous and this court's dismissal of the appeal as frivolous count as "strikes" for purposes of the "three strikes" bar of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Guerrero has previously filed two other § 1983 complaints that were dismissed as frivolous. *See Guerrero v. Turner*, No. 9:11-CV-00082, 2012 WL 760876 (E.D. Tex. Mar. 7, 2012); *Guerrero v. King*, No. 9:11-CV-00081, 2011 WL 4753524 (E.D. Tex. Oct. 6, 2011), *aff'd*, 473 F. App'x 379 (5th Cir. 2012). Because Guerrero has now accumulated three or more strikes, he may not proceed IFP in any civil action or in the appeal of a judgment in a civil action while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(G) BAR IMPOSED.