# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10863
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2014

Lyle W. Cayce
Clerk

ENZIO AUGUSTINO POWELL, also known as Enzio A. Powell, II,

Plaintiff-Appellant

v.

J. MARTINEZ, Officer; D. OWENS, Officer; R. SOTO, Disciplinary Captain; JOE PONDER, Sergeant; NFN KING, Sergeant; W. GING, Substitute Counsel; L. BERGER, Assistant Warden; J.H. Adams, Senior Warden; D. ADAMS, Sergeant,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:10-CV-193

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Enzio Augustino Powell, Texas prisoner # 1150991, proceeding pro se and in forma pauperis (IFP), filed a civil rights complaint against various prison officials. He alleged that the defendants had conspired to retaliate against him because he filed a grievance in March 2010 against Officer J.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez when Martinez denied Powell's recreation period.  He further alleged that retaliation took place in June 2010 when Powell's cell was searched, his property was torn up, his appliances were confiscated, and he received a disciplinary charge for possessing forged property papers.  After conducting a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and before service of process upon the defendants, the district court dismissed the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) as frivolous and for failure to state a claim.  Powell now appeals.

A prisoner's civil rights complaint shall be dismissed if, inter alia, it is frivolous or fails to state a claim on which relief can be granted.  § 1915A(b)(1); *see Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012), *cert. denied*, 134 S. Ct. 80 (2013).  Because the district court dismissed the complaint as both frivolous and for failure to state a claim, we will review the matter de novo, *see Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005), using the same standard we apply when reviewing the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). Under that standard, we "will uphold a dismissal if, taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts."  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (internal quotation marks and citation omitted).

*§ 1983 claims*

*Conspiracy*

Powell contends that Martinez conspired with all of the other defendants to retaliate against him and committed retaliatory adverse acts in furtherance of that conspiracy.  Powell asserted in the district court that the defendants had admitted the conspiracy to his cellmate, but his cellmate's declaration made under penalty of perjury did not support Powell's assertion.  Powell's

"mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (internal quotation marks and citation omitted).

*Retaliation*

To state a valid claim for retaliation under § 1983, a prisoner must allege (1) his invocation of a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner due to his exercising that right, (3) a retaliatory adverse act, and (4) a causal connection. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Powell has a right to file grievances without being harassed or retaliated against for doing so. *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Additionally, it may be plausibly inferred from his allegations, taken as true, that Martinez intended to retaliate against Powell for filing the March 2010 grievance against him. With respect to retaliatory adverse acts, Powell alleged, at best, that Martinez was present for some portion of the June 2010 cell search and "tore up" some of Powell's property. Powell clarified at the *Spears* hearing, however, that the only property about which he was suing was his confiscated appliances. As Powell's allegations do not indicate that Martinez ordered the cell search, confiscated his appliances, or wrote the disciplinary report, he has not alleged facts showing that the acts he complained of would not have occurred absent Martinez's retaliatory motive. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Powell thus failed to state a claim of retaliation under § 1983 against Martinez. *See Jones*, 188 F.3d at 324-25.

We turn now to Powell's retaliation claim against all of the other defendants. Powell's pleadings, when stripped of any conclusional allegations of conspiracy, do not allege facts from which it may plausibly be inferred that

any of the defendants other than Martinez had any intent to retaliate against Powell for filing the grievance against Martinez.  Powell thus failed to state a claim of retaliation against those other defendants.  *See Jones*, 188 F.3d at 324-25.  Additionally, "[u]nder § 1983, . . . a government official can be held liable only for his own misconduct."  *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).  Because a § 1983 claim requires personal liability, Powell was unable to state any valid constitutional claims under a theory of vicarious liability based the supervisory role of any of the defendants.  *See id.*

*Malicious prosecution*

The district court correctly found that we do not recognize any freestanding claim under § 1983 for malicious prosecution.  *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003).  Powell contends that his malicious prosecution claim is not freestanding and is related to his retaliation claim.  As Powell has failed to state claim of retaliation, it follows that he cannot state a claim for malicious prosecution that is dependent upon his retaliation claim.

*Preliminary injunction*

After Powell filed his complaint, he sought an emergency restraining order and a preliminary injunction, alleging that the defendants continued to harass him and retaliate against him because he would not drop the instant action against them.  The district court denied the motion.

We lack jurisdiction to consider an appeal from the denial of a temporary restraining order.  *See Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999).  We review the denial of a motion for a preliminary injunction only for an abuse of discretion.  *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).  Powell's generalized complaint about common practices by prison personnel does not show that the district court abused its discretion by denying Powell's

request for preliminary injunctive relief in this particular case. *See Byrum*, 566 F.3d at 445.

*Conclusion*

Powell has not shown that the district court erred in determining that he failed to state a claim for retaliation, conspiracy, or malicious prosecution against any of the defendants or that he could not proceed under a theory of respondeat superior in a § 1983 proceeding. Nor has he shown that the district court abused its discretion in denying his motion for preliminary injunctive relief. Accordingly, the judgment of the district court is AFFIRMED.

The district court's dismissal of Powell's complaint as frivolous and for failure to state a claim counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Powell is WARNED that if accumulates three such strikes he will no longer be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).