# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20759
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2015

Lyle W. Cayce
Clerk

RANDELL GLEN LAWS,

Plaintiff-Appellant

v.

JUDGE LYNN N. HUGHES; JUDGE JERRY E. SMITH; JUDGE CATHARINA HAYNES; JUDGE JAMES E. GRAVES, JR.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3320

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Randell Glen Laws, Texas prisoner # 1256902, proceeding pro se and in forma pauperis (IFP), appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1985(3) suit.  The district court determined that his suit was frivolous pursuant to 28 U.S.C. § 1915A(b)(1) because the named defendants, judges who had issued rulings in connection with Laws's federal habeas case,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20759

were absolutely immune from suit.   On appeal, Laws argues that the defendants are immune only from his request for monetary damages and not from the equitable and declaratory relief that he is seeking in connection with the defendants' allegedly erroneous habeas rulings.  He also asserts that he is actually innocent, and he details what he views as the numerous errors made by the district court in denying his 28 U.S.C. § 2254 petition and by this court in affirming the denial of his § 2254 petition.  Laws's motion to amend his appellate brief is GRANTED.

We review the district court's dismissal of Laws's suit de novo.  *See Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012).  Laws is correct that judges are not entitled to absolute immunity from suit for injunctive or declaratory relief.  *See Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991).  We can affirm the district court's dismissal, however, on any basis, *see United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002), and we conclude that the district court properly dismissed Laws's suit pursuant to § 1915A(b)(1) because Laws's conclusory allegations that the defendants fraudulently conspired to violate his constitutional rights fail to state a nonfrivolous claim for relief under § 1985(3).  *See* § 1985(3); *Sanford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009); *Fontenot v. Texas*, 44 F.3d 1004 (5th Cir. 1994); *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989).

Accordingly, the district court's judgment is AFFIRMED.  The district court's dismissal of Laws's § 1985(3) suit counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Laws has at least two other strikes.  *See Laws v. Texas,* 4:14-CV-2223 (S.D. Tex. Oct. 15, 2014); *Laws v. 179th District Court of Harris County, Tex.,* 4:05-CV-2969 (S.D. Tex. Jan. 11, 2006).  As Laws has three strikes for purposes of § 1915(g), he is BARRED from proceeding IFP in any civil action while he is

No. 14-20759

incarcerated or detained, unless he is in imminent danger of serious physical injury.  See § 1915(g).

AFFIRMED; MOTION GRANTED; SANCTION IMPOSED.