## Thomas FLORENCE, Plaintiff-Appellant

### v.

## Galveston Police Officer Clemente GARCIA, III; Officer Archie Chapman, Defendants-Appellees

### No. 15-41556
### Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed February 21, 2018

Thomas Florence, Pro Se

William S. Helfand, Norman Ray Giles, Lewis, Brisbois, Bisgaard & Smith, L.L.P., Houston, TX, for Defendants-Appellees

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

**PER CURIAM:** *

Thomas Florence, Texas prisoner # 1729344, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint following a jury verdict for the defendants. He also appeals the district court's denial of his Rule 59(e) motion for a new trial or, in the alternative, a motion to alter or amend the judgment and the denial of his motion for a preliminary injunction.

Florence alleged in the district court that his constitutional rights were violated when Galveston Police Officer Clemente Garcia and Sergeant Archie Chapman used excessive force when they arrested him on March 27, 2010, and when the defendants conspired to unlawfully arrest, detain, and prosecute him for sexual assault of a child. The defendants included the Galveston Police Department and certain employees, including Officer Clemente Garcia and Sergeant Archie Chapman, the Galveston County Sheriff's Office and certain employees, a notary public, certain probation officers, certain employees of the Galveston County state court, certain past and present employees of the Galveston County District Attorney's Office, the Galveston County Juvenile Justice Center Director, the Galveston Child Advocacy Center Director, an employee of the Texas Department of Criminal Justice, an em-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ployee of the University of Texas Medical Branch, certain attorneys, Ben Taub Hospital and certain employees, and the University of North Texas Health Science Center and certain employees.

During the screening of his complaint, including his amended complaint and more definite statement, the district court issued an order on November 18, 2013, which dismissed all of Florence's claims except for his claims of excessive use of force against Garcia and Chapman. The district court determined that Florence's claims against the Galveston Police Department, the Galveston Sheriff's Office, and Ben Taub Hospital must be dismissed because these defendants were not legal entities capable of being sued under § 1983, that Florence's claims against the prosecutors and judges named as defendants must be dismissed because these defendants were entitled to absolute immunity, that the attorneys named as defendants were not official state actors subject to suit under § 1983, and that Florence's § 1983 claims that the defendants conspired to unlawfully arrest, detain, and convict him on false charges of sexual assault of a child were barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Florence's conclusory statements on appeal show no error in these determinations. See *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *see also Heck v. Humphrey*, 512 U.S. at 486-87, 114 S.Ct. 2364; *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Priester v. Lowndes Cty.*, 354 F.3d 414, 423 n.9 (5th Cir. 2004); *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989).

A jury trial was held on Florence's claims that he was subjected to excessive force during his arrest on March 27, 2010, by Chapman and Garcia. The jury found that Florence was not subjected to exces-sive force and returned a verdict in favor of Garcia and Chapman.

On appeal, Florence asserts that the magistrate judge erred when he denied Florence's request to argue at trial that Garcia and Chapman conspired with the other dismissed defendants to arrest him on the basis of an unlawful warrant. Because the district court correctly dismissed Florence's unlawful arrest claim as barred by *Heck* prior to trial, the magistrate judge did not abuse his discretion. *See Valdez v. Cockrell*, 274 F.3d 941, 957 (5th Cir. 2001).

Florence also asserts that he was denied his right to a fair trial and a fair and impartial jury because the defendants and the magistrate judge "staged the jury" and that the magistrate judge erred by denying his objection to the replaying of Florence's arrest video on the defendants' attorney's computer because the video quality on the computer was cloudy, foggy, and blurry. Florence has not provided the court with transcripts of the trial proceedings or the evidence entered into the record at trial, which are necessary for review of these issues. *See* FED. R. APP. P. 10(b)(2); *see also Richardson v. Henry*, 902 F.2d 414, 415-16 (5th Cir. 1990). Accordingly, the appeal is DISMISSED IN PART.

Florence also appeals the district court's denial of his motion for a preliminary injunction. Florence has not established that the denial of his motion for a preliminary injunction constituted an abuse of discretion. *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Moreover, Florence's requests for dismissal of the charges and for immediate release sound in habeas and should be presented in a 28 U.S.C. § 2254 petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Lastly, Florence has filed a number of motions with this court, including motions

for appointment of counsel, judicial notice, and leave to supplement the record on appeal. These motions are numerous, repetitive and, in some respects, unrelated to the instant matter. All of Florence's outstanding motions are DENIED. Florence is again WARNED that the filing of frivolous, repetitive, or otherwise abusive pleadings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Florence is also again INSTRUCTED to review all pending matters in this court and in any court under this court's jurisdiction and move to dismiss any motions that are repetitive, frivolous, unrelated or abusive.

AFFIRMED IN PART; DISMISSED IN PART; MOTIONS DENIED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.