# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-10855
Summary Calendar

ROBERT RUEAL AMAYA

Plaintiff-Appellant

v.

NFN RICHARDSON, Sergeant, in individual and official capacities

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-775

Before JOLLY, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Rueal Amaya, now Texas prisoner # 264274, appeals the district court's dismissal, pursuant to FED. R. CIV. P. 12(b)(6), of his 42 U.S.C. § 1983 lawsuit against Arlington, Texas, Police Officer Sergeant Richardson. We review the district court's dismissal de novo. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007), cert. denied, 128 S. Ct. 1230 (2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amaya first renews his argument that Sgt. Richardson violated his First Amendment right to free speech by refusing to allow him to file a formal complaint with the Chief of Police, Internal Affairs Division (I.A.D.), or the F.B.I., then placing him in a one-man cell with a video camera pointed at him to retaliate against him and deter him from exercising his First Amendment rights.

Amaya presents no authority to support his conclusional allegation that the failure to permit him to complain personally to the Chief of Police, the I.A.D., or the F.B.I. about his arrest immediately following his arrest violated his First Amendment rights. Moreover, Amaya's own pleadings show that the jail administrator heard his complaint and that he subsequently filed formal complaints with both the I.A.D. and the F.B.I.. The First Amendment claim was properly dismissed. See Pell v. Procunier, 417 U.S. 817, 822 (1977); Stefanoff v. Hays County, Texas, 154 F.3d 523, 527 (5th Cir. 1998). Moreover, because Sgt. Richardson's conduct in fact did not deter him from exercising his First Amendment rights to file grievances with the I.A.D. and F.B.I., the retaliation claim fails. See Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006). Amaya's new claims that Sgt. Richardson denied him access to the courts and conspired with Lt. Canas to deprive him of privileges in retaliation for exercising his First Amendment rights, which claims are raised for the first time on appeal, will not be considered. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000); Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Amaya additionally argues that the district court erred in dismissing his due-process claim against Sgt. Richardson, urging that his arbitrary transfer to a punitive single-person cell without notice or a hearing violated his constitutional rights. Contrary to his assertion, the district court correctly concluded that the change in cell assignment did not implicate due process concerns. See Sandin v. Conner, 515 U.S. 472, 478, 486 (1995). Inasmuch as he complains that the transfer to a single-person cell was the equivalent of being

placed in administrative segregation, the claim fails. See Pichardo v. Kinker, 73 F.3d 612, 612 (5th Cir. 1996).

The district court's judgment dismissing the claims against Sgt. Richardson is affirmed. The motion for the appointment of counsel is denied.

AFFIRMED; MOTION DENIED.