# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2012

No. 12-10485
Summary Calendar

Lyle W. Cayce
Clerk

TRACY JO RHINE,

Plaintiff-Appellant

v.

CITY OF MANSFIELD; MANSFIELD MARSHALS; LIEUTENANT WILSON;
LIEUTENANT HENSLEY; CASE MANAGER MUNOZ; CASE MANAGER
WYDELL,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-76

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tracy Jo Rhine, now federal prisoner # 38612-177, appeals the partial
dismissal of her in forma pauperis (IFP) 42 U.S.C. § 1983 complaint. She
complained of events that arose during her detention at the Mansfield Law
Enforcement Center while she was a federal pretrial and postconviction
detainee. The district court dismissed with prejudice the following claims as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

frivolous and for failure to state a claim on which relief may be granted: any claim based upon the taking or detention of Rhine's personal property, any claim against Sergeant Russell related to the handling of grievances; and all claims against the City of Mansfield, the Mansfield Marshals, Lieutenant Wilson, Lieutenant Hensley, Case Manager Munoz, and Case Manager Wydell. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), 1915A(b)(1).

We review de novo the dismissal of a complaint pursuant to §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1) as both frivolous and for failure to state a claim on which relief may be granted. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A complaint is subject to dismissal as frivolous "if it lacks an arguable basis in law or fact." *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). Dismissal of a complaint for failure to state a claim on which relief may be granted is reviewed using the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Rhine has abandoned any challenge to the dismissal of her claim based upon the taking or detention of her personal property by failing to address this claim in her brief. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Rhine's argument that the district court erred by dismissing her claims without allowing her to conduct discovery is unavailing because § 1915(e)(2) permits a district court to dismiss a prisoner's IFP action "at any time." § 1915(e)(2).

Rhine failed to state a claim against Wilson, Wydell, and Hensley for deliberate indifference to her serious medical needs. Although she alleged that she requested medical attention for her shoulder, right side, and wrist from defendants, she did not allege what she actually told defendants about the nature or extent of her injuries. Therefore, her allegations did not indicate

whether defendants were aware that she faced a substantial risk of serious harm and disregarded that risk. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639, 650 (5th Cir. 1996) (en banc).

In addition, Rhine failed to state a due process claim against Munoz, Wilson, and Hensley for placing her in segregation without due process where she was deprived of a television, microwave, and hot plate in segregation. A liberty interest in avoiding restrictive conditions of confinement exists only if the conditions "impose[] atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see Gibbs v. Grimmette*, 254 F.3d 545, 548 n.1 (5th Cir. 2001) (applying *Conner* to the due process claim of a pretrial detainee). The conditions of segregation that Rhine complained of were not sufficiently atypical or significant to implicate a due process liberty interest. *See Hernandez v. Velasquez*, 522 F.3d 556, 563 (5th Cir. 2008).

Rhine failed to state a claim for retaliation based on her allegations that she was placed in segregation for filing grievances. To state a retaliation claim, Rhine had to, inter alia, "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citations omitted); *see Mendoza v. Strickland*, 414 F. App'x 616, 617 & n.1, 619 (5th Cir. 2011) (applying *Woods* to the retaliation claim of a pretrial detainee). Rhine's conclusory allegations that she was placed in segregation for filing grievances fail to make this showing.

The district court did not err by dismissing the aforementioned claims as frivolous and for failure to state a claim on which relief may be granted. The judgment of the district court is affirmed.

The district court's partial dismissal of Rhine's § 1983 complaint as frivolous and for failure to state a claim on which relief may be granted counts

as a strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Rhine has another strike. *Rhine v. Deaton*, N.D. Tex. 4:11-CV-26. She is warned that if she accumulates three strikes, she will not be allowed to proceed IFP in any civil action or appeal unless she is under imminent danger of serious physical injury.

AFFIRMED; SANCTION WARNING ISSUED.