# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10179
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2015

Lyle W. Cayce
Clerk

ROBERT WALTER BONNER,

Plaintiff-Appellant

v.

BOB ALFORD, Johnson County Sheriff, TONY RAY,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2556

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Robert Walter Bonner, Texas prisoner # 1561662, seeks to appeal the district court's grant of the appellees' motion for judgment on the pleadings and, alternatively, motion for summary judgment dismissing his 42 U.S.C. § 1983 complaint. In his complaint, Bonner contended that the appellees violated his Fourteenth Amendment due process rights while he was a pretrial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

detainee when, without a hearing, he was placed in administrative segregation and was required to wear restraints during his criminal trial.  He also asserted that his placement in administrative segregation and confinement in an unsanitary cell, where he was allegedly denied certain privileges and was prevented from contacting his family and attorney, violated the Eighth and Fourteenth Amendments.  Finally, he contended that his administrative segregation and placement in restraints violated his equal protection rights.

The district court determined that Bonner's claims concerning his confinement in an unsanitary cell and the denial of privileges and contact with family and counsel were unexhausted.  The district court held further that, because Bonner failed to present evidence of constitutional violations, the appellees were entitled to qualified immunity on his remaining claims.

We review a district court's order granting a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings de novo, using the same standards applied to a Rule 12(b)(6) motion to dismiss.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-10 (5th Cir. 2010).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  When, as here, the defendant officials plead qualified immunity, the plaintiff bears the burden of rebutting the defense by establishing a genuine dispute as to whether the officials' conduct violated a constitutional right of the plaintiff and whether that right was clearly established at the time of the violation.  *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

Bonner argues that the district court erred in finding that his claim regarding the unsanitary condition of his cell was unexhausted.  Under the PLRA, "[n]o action shall be brought with respect to prison conditions under

No. 14-10179

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Bonner did not follow the required grievance process by presenting his allegations regarding the unsanitary condition of his cell in both steps of the Johnson County Jail two-step grievance process, and he consequently failed to exhaust that process. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

With regard to his claim regarding his placement in administrative segregation, this court has held that "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim." *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996).  The summary judgment evidence established that Bonner was moved to administrative segregation out of a concern for his safety due to the nature of the charges against him and his impending trial and for the legitimate penological concerns of jail security. *See McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990).

Bonner avers that the defendants were deliberately indifferent to his safety when they placed him in administrative segregation.  This deliberate indifference claim and attendant specific factual allegations are raised for the first time on appeal; the claim is not considered. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.,* 200 F.3d 307, 316-17 (5th Cir. 2000).  To the extent that Bonner made any allegations in the district court concerning deliberate indifference, his contentions did not show that prison officials "knew of and disregarded an excessive risk to [his] health or safety." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001).

Bonner's claim regarding his placement in restraints is without merit. The summary judgment evidence showed that Tony Ray was not personally

No. 14-10179

involved in the decision to place him in restraints.  *See Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994).  Although Bob Alford recommended to the trial court that Bonner be fitted with restraints due to the nature of the charges pending against him and security concerns that existed as a result of these charges, the ultimate decision to place Bonner in restraints remained with the trial court.  *See United States v. Fields*, 483 F.3d 313, 356-57 (5th Cir. 2007).  Accordingly, this claim is not legally supportable against Alford.

We also find without merit Bonner's equal protection claim.  Bonner failed to state a "class of one" equal protection claim because his allegations did not identify any similarly situated prisoners, nor did his allegations show that he was intentionally treated differently from any other prisoners absent a rational basis.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000).

Because Bonner has failed to show that the appellees violated a clearly established constitutional right, the appellees were entitled to qualified immunity on Bonner's claims.  *See Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009).  The judgment of the district court is affirmed.

AFFIRMED.