# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40786
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2016

Lyle W. Cayce
Clerk

JULIO CESAR CARDENAS,

Plaintiff-Appellant

v.

JODY YOUNG, Assistant U.S. Attorney; BOBBY LARA, U.S. Marshal; PRIETO, S.I.S. at Willacy County Regional Detention Center,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CV-256

Before REAVLEY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Cardenas (Cardenas), federal prisoner # 22586-379, appeals the district court's dismissal of his *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), action for failure to state a claim upon which relief may be granted. Cardenas argues that the district court erred by dismissing his retaliation and class of one equal protection claims. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court erred by dismissing his due process claims based upon inadequate segregation review, conspiracy to harm, and improper motivation without explicitly considering them.  According to Cardenas, the district court erred by dismissing his complaint without conducting a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), allowing him the opportunity to retain counsel, or allowing him to amend his complaint.  He maintains that the district court's assessment of a strike against him pursuant to 28 U.S.C. § 1915(g) violated the First Amendment.

"A dismissal of a civil rights complaint for failure to state a claim is reviewed de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)."  *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).  "*Bivens* established that the victims of a constitutional violation by a federal agent have the right to recover damages against the official despite the absence of a statute conferring such a right."  *Carlson v. Green*, 446 U.S. 14, 18 (1980).  A *Bivens* action is substantially similar to an action under 42 U.S.C. § 1983, although § 1983 applies to constitutional violations by state, rather than federal, actors.  *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).  Analysis of a *Bivens* claim therefore "parallel[s] the analysis used to evaluate state prisoners' § 1983 claims."  *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (internal quotation marks and citation omitted).  Thus, while it is unclear whether Lt. Prieto, an officer at the Willacy County Regional Detention Center (WCRDC), is a federal official or a state official, we need not resolve this issue.[1]  *See Izen*, 398 F.3d at 367 n.3.

Cardenas did not allege that there was direct evidence of retaliatory motivation.  Thus, he was required to "allege a chronology of events from which

---

[1] Cardenas was held at the WCRDC prior to his federal criminal trial and between his conviction and sentencing.

retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citation omitted). According to Cardenas's allegations, the only complaints Cardenas made about government officials and witnesses were made in or around September or October of 2012, five to six months before he was placed in segregation, and after he was placed in segregation. Thus, retaliation cannot be plausibly inferred from the chronology of events alleged by Cardenas, and Cardenas's retaliation claim alleges nothing more than Cardenas's "personal belief that he is the victim of retaliation." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (internal quotation marks and citation omitted). Accordingly, he has not shown that the district court erred by dismissing this claim. *See id.*

Cardenas asserts that he was treated differently than Alejandro Jimenez and Joel Villareal because he was placed in segregation based upon accusations that he was threatening witnesses while Jimenez and Villareal were not placed in segregation despite engaging in similar activities. However, as Cardenas alleged, Jimenez and Villareal were cooperating with law enforcement while Cardenas was awaiting trial. Additionally, Cardenas, at the time he was placed in segregation, was facing trial and could, therefore, attempt to intimidate witnesses against him while both Jimenez and Villareal had confessed, Jimenez had pleaded guilty, and neither was likely facing a trial, meaning there were not any witnesses against them for them to intimidate. Furthermore, Cardenas alleged that he had been assaulted at the WCRDC, but he did not allege that Jimenez and Villareal had been harmed. Thus, Cardenas's allegations did not show that he was similarly situated to Jimenez and Villareal.

As Cardenas did not allege facts showing that he was treated differently than similarly situated individuals, he failed to state a viable equal protection

claim. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). He has not shown that the district court erred by dismissing this claim. *See id.*

During the time that Cardenas was held in segregation, he was convicted of numerous criminal offenses. Cardenas's allegation that he received inadequate segregation review for the time he was a convicted prisoner failed to state a viable claim. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Cardenas's reliance on *Hewitt v. Helms*, 459 U.S. 460, 474 (1983), is misplaced because that holding was overruled by *Sandin*, 515 U.S. at 483-84.

For the portion of time that Cardenas was held in segregation as a pre-trial detainee, the allegations of Cardenas's complaint showed that Cardenas was assaulted prior to being placed in segregation; Cardenas was being held at the same facility as Jimenez, a witness against Cardenas at his upcoming trial; and Cardenas was accused of threatening witnesses against him. These allegations show that the legitimate governmental objectives of protecting Cardenas, separating Cardenas from a witness testifying against him at trial, and preventing Cardenas from threatening witnesses were reasonably related to holding Cardenas in segregation. Thus, even though Cardenas alleged that he was placed in segregation as punishment, his complaint failed to state a viable claim that his placement in segregation without review as a pre-trial detainee violated his due process rights. *See Bell v. Wolfish*, 441 U.S. 520, 539 (1979). Cardenas has not shown that the district court erred by dismissing this claim. *See Sandin*, 515 U.S. at 484; *Bell*, 441 U.S. at 539.

Cardenas did not allege that the defendants expressly made an agreement to violate his constitutional rights. The only allegations made by Cardenas concerning an agreement between the defendants were an allegation that unidentified officials at the WCRDC told him that Deputy United States Marshal Bobby Lara and Assistant United States Attorney (AUSA) Jody

Young ordered that he be placed in segregation and an allegation that he "made an observation that defendant[s] Young, Lara, [a]nd Prieto were in agreement to deny plaintiff equal protection of the law and due process of law." Furthermore, the only allegations of harm made by Cardenas were that he was attacked by unidentified inmates at the direction of Jimenez and Villareal, that he was placed in segregation by an unidentified classification officer at the WCRDC, and that his stepfather was attacked in Mexico by Jimenez's brother. None of these allegations involved any of the defendants. These conclusory allegations were not sufficient to state a viable conspiracy claim. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989). Cardenas has not shown that the district court erred by dismissing his conspiracy to harm claim. *See id.*

Cardenas alleged that he and Young got in a fight in 1995, and he asserted that when he mentioned this to Young, Young told him that the fight had occurred a long time ago. Cardenas further alleged that an unidentified officer who arrested him told him that Young hated him. Cardenas made no further allegations regarding the fight between him and Young. These speculative and conclusory allegations were insufficient to state a viable constitutional due process claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Cardenas's assertion that Young was liable for failing to discipline Jimenez and Villareal is also without merit. Government officials are generally not liable for failing to protect an individual against private violence. *DeShaney v. Winnebago Cty. Dep't of Social Servs.*, 489 U.S. 189, 197 (1989). Furthermore, even if Jimenez and Villareal, as government informants, could somehow be considered subordinates of the defendants, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates

under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead, Cardenas was required to allege that AUSA Young was personally involved in the alleged constitutional violation or that there was a sufficient causal connection between his actions and the alleged constitutional violation, and Cardenas failed to do this. *See Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006).

Given the long amount of time between the issuance of the magistrate judge's report and recommendation and the dismissal of the complaint, Cardenas was given sufficient opportunity to amend his complaint or retain counsel but simply failed to do so. Furthermore, Cardenas failed to identify any additional facts he would allege in amended complaint; in this court all he states is that he could have amended his complaint to add a negligence claim under the Federal Tort Claims Act (FTCA). Cardenas, however, does not allege any additional facts or explain how liability under the FTCA could be based upon the actions alleged in his complaint.

As Cardenas has still yet to explain what new facts he could allege and, as shown above, his complaint failed to allege a viable claim, Cardenas alleged his best complaint and any attempt to amend would have been futile. *See Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Accordingly, the district court did not abuse its discretion by not giving Cardenas an opportunity to amend his complaint. *See Marucci Sports, L.L.C.*, 751 F.3d at 378; *Bazrowx*, 136 F.3d at 1054. Cardenas's assertion that the district court violated his due process rights by failing to hold a *Spears* hearing is without merit. *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Section 1915(g) is a procedural statutory provision that "does not affect a prisoner's substantive rights, and it does not block his or her access to the

courts." *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). It "does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status." *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). The Constitution only requires the waiver of filing fees in criminal cases and civil proceedings implicating fundamental interests such as divorce actions and proceedings to terminate parental rights. *Id.* Cardenas's civil action does not implicate a fundamental interest. *See id.* (holding that lawsuit seeking reassignment from segregation does not implicate fundamental right). Accordingly, § 1915(g) does not block access to the courts, and it is not unconstitutional as applied to Cardenas. *See id.*

The judgment of the district court is AFFIRMED. The district court's dismissal of Cardenas's complaint for failure to state a claim counts as a strike for purposes of § 1915(g). *See Adepegba*, 103 F.3d at 387-88. Cardenas is CAUTIONED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).