# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2023

Lyle W. Cayce
Clerk

No. 22-10382

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Lubbock County; Kelly Rowe, *Sheriff*; C. Scott, *Chief Jail Administrator*; FNU Payne, *Sergeant*; K. Young, *Sergeant*; FNU McDaniel, *Sergeant*; FNU LNU-269, *Lubbock County Jail Office-Radio Number 8281*; Ron Jenkins, *Captain*,

*Defendants—Appellees*,

CONSOLIDATED WITH

No. 22-11049

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Lubbock County; Kelly Rowe, *Sheriff*; C. Scott, *Chief Jail Administrator*; K. Young, *Sergeant*,

*Defendants—Appellees*.

---

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CV-255

---

Before Elrod, Ho, and Wilson, *Circuit Judges*.

Per Curiam:

Plaintiff Lonnie Welsh, a convicted sexually violent predator, was held in the Lubbock County Detention Center as a pre-trial detainee for a period of approximately one month from December 2017 to January 2018. Soon after his arrival, he was placed in administrative segregation away from the facility's general population, where he was held for most of the remainder of his time there. He subsequently brought suit under 42 U.S.C. § 1983 against Lubbock County and a number of law enforcement officials, asserting a series of claims regarding his alleged mistreatment there.

The district court entered an order dismissing the claims against the county and all but one of the officials, which he now appeals in the first of the consolidated cases. Plaintiff challenges the process by which he was placed and remained in administrative segregation, a claim the district court rejected because "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim" because it "simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 612–13 (5th Cir. 1996). *See also Cardenas v. Young*, 655 F. App'x 183, 186 (5th Cir. 2016) (applying this conclusion to pre-trial detention); *Bonner v. Alford*, 594 F. App'x 266, 267 (5th Cir. 2015) (same); *Rhine v. City of Mansfield*, 499 F. App'x 334, 335 (5th Cir. 2012) (same); *Amaya v. Richardson*, 289 F. App'x 792, 793 (5th Cir. 2008) (same); *Gibbs v. Grimmette*, 254 F.3d 545, 548 n.1 (5th Cir. 2001) (same). He also challenges a slew of aspects of his treatment in custody—such as his clothing, food,

No. 22-10382
c/w No. 22-11049

sanitation, recreation, and entertainment—that the district court rejected for failure to amount to a constitutional violation. *See Bell v. Wolfish*, 441 U.S. 520, 539 & n.21 (1979) (allowing "condition[s] or restriction[s] of pretrial detention" that are "reasonably related to a legitimate governmental objective" or are "'de minimis'" in nature). Additionally, Plaintiff raises policy claims against Lubbock County for deliberate indifference and failure to train and supervise, which the district court found lacked an underlying constitutional violation necessary to proceed. *See Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017) (explaining that municipal liability requires an underlying constitutional violation).

After the district court subsequently dismissed the remaining named official, Plaintiff moved to reconsider that dismissal and the dismissal of several of his other claims. The district court rejected both motions for lack of new evidence, which Plaintiff now appeals in the second of the consolidated cases.

The Court has carefully considered these appeals in light of the briefs and pertinent portions of the record. Having found no reversible error, we affirm.

No. 22-10382
c/w No. 22-11049

Jennifer Walker Elrod, *Circuit Judge*, concurring:

While I agree that the district court did not reversibly err here, I write separately to address the appropriate standard for review of claims brought by pre-trial detainees.

Welsh was retained in administrative segregation from December 5, 2017, to January 8, 2018, while he awaited his criminal trial.[1] Prison records establish that paper reviews of Welsh's placement in administrative segregation were conducted on December 17, 2017, and January 2, 2018, but Welsh asserts that he was improperly denied: notice of the reviews; a hearing; the opportunity to challenge the use of his status as a sexually violent predator as grounds for placing and keeping him administratively segregated; and written factual determinations for continuing to keep him in administrative segregation. This rendered him "unable to appeal the result under the procedures described in Texas Administrative Code 271.4."

In district court, Welsh relied on *Hewitt v. Helms*, 459 U.S. 460 (1983), in which the Supreme Court held that state statutes defining procedures for confining an inmate to administrative segregation can give an inmate a protected liberty interest. *Id.* at 476. The district court agreed that Welsh was potentially denied procedural safeguards, but it nevertheless dismissed

---

[1] Welsh was held in the Lamb County Jail awaiting trial from November 28, 2017, to June 20, 2018, except when he was transferred to the Lubbock County Jail from December 2017 to January 2018. In a separate case, *Welsh v. Lamb County, et al.*, No. 22-10124, 2023 WL 3918995 (5th Cir. June 9, 2023), Welsh brought claims against officials at the Lamb County Jail. We reversed the district court's dismissal of Welsh's substantive due-process claim arising out of his allegation that he was forced for several days to drink from a toilet, because this was not a *de minimis* imposition such that his constitutional right to be free from punishment as a pre-trial detainee was not implicated. *Id.* at *3 (citing *Bell v. Wolfish*, 441 U.S. 520, 535–40 (1979)). We remanded with instructions that Welsh's factual allegations be considered under the law governing pre-trial detainees' due-process rights. *Id.*

4

No. 22-10382
c/w No. 22-11049

Welsh's claim because of this court's holding that "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim." *Pichardo v. Kinker*, 73 F.3d 612, 612 (5th Cir. 1996). *Pichardo* relied on the Supreme Court's holding in *Sandin v. Conner*, 515 U.S. 472 (1995). However, both *Pichardo* and *Sandin* dealt with *convicted* prisoners, not pre-trial detainees like Welsh.

Every circuit to consider the issue of the proper standard for review of pre-trial detainee claims has held that *Sandin* does not apply to pre-trial detainee claims. *See Dilworth v. Adams*, 841 F.3d 246, 252 (4th Cir. 2016); *Jacoby v. Baldwin County*, 835 F.3d 1338, 1347–50 (11th Cir. 2016); *Hanks v. Prachar*, 457 F.3d 774, 776 (8th Cir. 2006); *Surprenant v. Rivas*, 424 F.3d 5, 17 (1st Cir. 2005); *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1106 & n.12 (10th Cir. 2005), *vacated in part on other grounds by* 449 F.3d 1097 (10th Cir. 2006) (*en banc*); *Benjamin v. Fraser*, 264 F.3d 175, 188–89 (2d Cir. 2001); *Rapier v. Harris*, 172 F.3d 999, 1004–05 (7th Cir. 1999); *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996); *see also Fuentes v. Wagner*, 206 F.3d 335, 342 n.9 (3d Cir. 2000) (holding *Sandin* inapplicable to detainee convicted but not yet sentenced), *abrogated in part on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

Although circuits have uniformly held that pre-trial detainees' claims are not governed by *Sandin*, they have reached different conclusions as to whether detainees may continue to rely on *Hewitt* to support their due process claims. *Compare Thorpe v. Clarke*, 37 F.4th 926, 944–46 (4th Cir. 2022) (discussing the baseline procedural requirements for retaining an inmate in administrative segregation under *Hewitt*), *Williamson v. Stirling*, 912 F.3d 154, 174–77 (4th Cir. 2018) (relying on *Hewitt* to determine whether a pre-trial detainee is entitled to procedural due process before and after being placed in administrative segregation), *and Williams v. Hobbs*, 662 F.3d

994, 1006–09 (8th Cir. 2011) (holding post-*Sandin* that prisoners who were confined in non-disciplinary administrative segregation were entitled to meaningful periodic review under *Hewitt*), *with Rapier v. Harris*, 172 F.3d 999, 1004–05 (7th Cir. 1999) ("We are aware that *Sandin* distinguishes between convicted prisoners and pretrial confinees, but we do not believe that the distinction made by the Court, read in context, justifies the continued vitality of the *Hewitt* approach in dealing with pretrial confinees.").

In several unpublished cases, we have applied *Sandin* and cases based on *Sandin* to pre-trial detainees, but we have not explicitly addressed whether *Sandin*'s holding applies to pre-trial detainees. *See, e.g.*, *Aucoin v. Terrebonne Par. Sheriff's Off.*, No. 21-30322, 2022 WL 16657429, at *2 (5th Cir. Nov. 3, 2022) (concluding that a pre-trial detainee's claims about his disciplinary proceeding and subsequent lockdown sentence were properly dismissed because he did not allege any atypical or significant hardship); *Cardenas v. Young*, 655 F. App'x 183, 186 (5th Cir. 2016) (only applying *Sandin* during time when plaintiff was convicted prisoner, not pre-trial detainee); *Bonner v. Alford*, 594 F. App'x 266, 267 (5th Cir. 2015) (applying *Pichardo* to pre-trial detainee); *Rhine v. City of Mansfield*, 499 F. App'x 334, 335 (5th Cir. 2012) (applying *Pichardo* to pre-trial detainee); *Amaya v. Richardson*, 289 F. App'x 792, 793 (5th Cir. 2008) (applying *Pichardo* to pre-trial detainee).

*Sandin* does not apply to pre-trial detainees. For a convicted prisoner, administrative segregation falls under the "expected perimeters of the sentence imposed by a court of law." *Sandin*, 515 U.S. at 485. But a pre-trial detainee is not subject to such an expectation of punishment. *Id.* at 484 ("[A] detainee 'may not be punished prior to an adjudication of guilt in accordance with due process of law.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979))); *Welsh v. Lamb County*, 2023 WL 3918995, at *3 (remanding Welsh's claim against Lamb County Jail). Unlike a convicted prisoner, a pre-trial

No. 22-10382
c/w No. 22-11049

detainee has a liberty interest in freedom from increased restraint, even if that restraint does not exceed the *Sandin* requirements. *Hewitt* continues to provide the correct framework for determining the procedural protections to which a pre-trial detainee is entitled to ensure that solitary confinement is not imposed as punishment.